CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 29 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PAMELA A. FOLTZ, | ) |
| | ) Civil Action No. 5:08CV00076 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Pamela A. Foltz, was born on January 10, 1972, and eventually reached the ninth grade in school. Mrs. Foltz has worked as a factory assembler and housekeeper. She last held a job in April of 2003, although there is some remaining question as to whether she was engaged in substantial gainful activity during the later years of her employment. On September 8, 2003, Mrs. Foltz filed applications for disability insurance benefits and supplemental security income benefits.

At the time of her applications, plaintiff alleged that she became disabled for all forms of substantial gainful employment on January 7, 1997. However, at the time of the administrative hearing, plaintiff amended her applications so as to reflect an alleged disability onset date of April 23, 2003.[1] (TR 702). Mrs. Foltz alleges that she has remained disabled to the present time due to severe depression, severe anxiety, back pain due to anxiety, numbness in arms and legs, and lightheadedness due to an earlier head injury. The record reveals that Mrs. Foltz met the insured status requirements of the Act through the first quarter of 2004, but not thereafter. See gen., 42 U.S.C. § 423. Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 2004. See gen., 42 U.S.C. § 423.

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 27, 2006, the Law Judge also determined that Mrs. Foltz is not disabled. The Law Judge found that plaintiff suffers from severe depression. Because of this condition, the Law Judge ruled that Mrs. Foltz is disabled for her past relevant work roles. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work (20 C.F.R. 416.945), inasmuch as she can lift no more than 10 pounds occasionally; 10 pounds frequently; walk/stand 6 out of 8 hours; and sit 6 out of 8 hours with a sit/stand

---

[1] On appeal to this court, plaintiff seeks establishment of a disability onset date of January 7, 1997. However, the court agrees with the argument advanced by the Commissioner that by amending her alleged disability onset date at the administrative hearing, Mrs. Foltz waived the right to claim an earlier onset date during this appeal from the administrative denial of benefits. As noted by the Commissioner, because of the amendment, the Law Judge did not undertake to determine whether plaintiff's work activity ending in April of 2003 qualified as substantial gainful activity. Moreover, it is clear that, because of the amendment, the Law Judge gave closer consideration to the later medical evidence.

2

option with limited dominant hand usage. The claimant's mental residual functional capacity is decreased due to: mild restrictions of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation, each of extended duration. The claimant should also have limited public contact. (TR 27).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Foltz retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Foltz is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Foltz has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. It seems that Mrs. Foltz was severely injured in a motor vehicle accident on April 10, 1996. She suffered a closed head injury

3

Case 5:08-cv-00076-GEC   Document 17   Filed 06/29/09   Page 3 of 8   Pageid#: 91

with a C2 odontoid fracture. The medical record indicates that plaintiff had suffered from some depression and anxiety prior to the accident, and that her emotional symptoms began to worsen after the accident. Plaintiff has received treatment for her depression and anxiety from her family physician, Dr. David Lee, and a nurse practitioner, Chris Davis. Both of these medical sources have indicated that Mrs. Foltz is severely limited for vocational endeavors because of her depression and anxiety. (TR 240-41, 331-34). In a consultative report dated January 14, 2004, a psychologist, Dr. Joseph Cianciolo, opined that Mrs. Foltz retains sufficient functional capacity for simple vocational tasks. Mrs. Foltz was eventually referred to Dr. Lawrence Conell, a board certified psychiatrist, and has remained under Dr. Conell's care. Dr. Conell has submitted reports indicating that Mrs. Foltz is disabled for all forms of substantial gainful activity. When asked to consider Dr. Conell's findings as to plaintiff's residual functional capacity, the vocational expert testified at the administrative hearing that Mrs. Foltz would be unable to perform any work role existing in the national economy. The court concludes that the Administrative Law Judge erred in according greater weight to the findings and opinions of Dr. Cianciolo than to those of Dr. Conell. Under the Administrative Regulations, as a medical doctor, treating physician, and mental health specialist, Dr. Conell's findings and opinions are more probative than those of the psychologist. Given the findings made over a period of time by Dr. Lee and Mr. Davis, and considering the psychiatric assessment provided by the board certified psychiatrist, the court concludes that Mrs. Foltz has met the burden of proof in establishing her disability for all forms of substantial gainful employment.

Dr. Conell first saw Mrs. Foltz on May 24, 2004. By way of history, Dr. Conell reported that plaintiff had a period of psychiatric hospitalization shortly after her motor vehicle accident. She has

4

taken a variety of different antidepressive and antianxiety medications. Dr. Conell summarized plaintiff's mental status examination as follows:

> Generally, the patient is alert, verbal and cooperative. Her mood is best described as depressed and anxious. Her affect is labile, experiencing all of her emotions too strongly. She would describe herself as being "very moody." Her stream of thought is logical, relevant, coherent, goal-directed and sequential. Her content of thought reveals that she has had both auditory and visual hallucinations. However, she reports that she has not had visual hallucinations for a couple of years. She reports auditory hallucinations in the past. She has both seen and heard important people in her life "lined up and tellin' me I'm nuthin'". These are always of a negative and derogatory content. Her sensorium was not formally tested. However, she was alert and oriented in all spheres. Short-term memory is quite dramatically impaired. I did not formally test this during this session but there was prominent evidence of the deficit given her inability to give certain bits of history. (TR 324).

The record indicates that, thereafter, Dr. Conell continued to see Mrs. Foltz every one to three months. (TR 539). On October 5, 2004, Dr. Conell opined that plaintiff had been disabled at least since December of 2002, and probably since the time of her motor vehicle accident in 1996. (TR 535). On July 24, 2006, Dr. Conell completed a medical assessment of plaintiff's mental ability for work-related activities. Dr. Conell related that Mrs. Foltz is unable to meet competitive standards in terms of her capacity to remember work-related procedures; understand and execute simple instructions; maintain attention for two hour segments; maintain regular attendance; make simple work-related decisions; accept instructions and respond appropriately to supervisors; respond to changes in a work setting; and take appropriate precautions in the workplace. The psychiatrist opined that plaintiff has no useful ability to function in terms of her capacity to sustain an ordinary work routine; work in coordination with others without distraction; complete a normal work day and work week without interruptions; perform at a consistent pace; get along with co-workers and peers; and deal with work stress. (TR 541). When asked to consider this psychiatric assessment, the

5

vocational expert testified at the administrative hearing that Mrs. Foltz would be unable to perform the alternate jobs which he had previously cited, or any other substantial gainful activities existing in significant number in the national economy. (TR 719).

The Administrative Regulations provide that reports and opinions from treating physicians must be accorded greater weight than reports and opinions from medical sources who have not examined the claimant. See 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1). While the Administrative Law Judge characterized plaintiff's treatment history with Dr. Conell as "quite brief" (TR 27), the medical record now establishes that Dr. Conell has seen Mrs. Foltz on a regular basis, and that she has also been treated by a registered nurse and mental health counselor. Clearly, Dr. Conell qualifies as a treating medical source. Moreover, the regulations also provide that more weight will be given to the opinion of a specialist about medical issues related to that specialty than to the opinion of a source who is not a specialist. While the Administrative Law Judge chose to give greater weight to Dr. Cianciolo's report, the court must note that, as a psychologist, Dr. Cianciolo is not a physician. On the other hand, Dr. Conell is a board certified psychiatrist. Remarkably, the Administrative Law Judge opined that the opinions of the mental health counselor and the nurse practitioner were entitled to lesser weight "as they are not medical doctors." (TR 27). In short, the court finds that the Administrative Law Judge gave no meaningful reasons in support of his rejection of Dr. Conell's psychiatric findings, diagnoses, and assessments.

In a memorandum filed on March 23, 2009, the Commissioner offers a response to plaintiff's proposal to establish an earlier onset date as well as to plaintiff's assertion that Dr. Conell's reports establish the existence of a listed impairment under Appendix I to Subpart P of the Administrative

6

Regulations, Part 404.[2] The court adopts the Commissioner's position on both issues. As previously noted, the court concludes that Mrs. Foltz waived the opportunity to assert an earlier disability onset date by amending her application at the administrative hearing so as to reflect an alleged onset date of April 23, 2003. Furthermore, the court believes that there is a legitimate question as to whether plaintiff suffers from a listed impairment. However, the court does not find it necessary to consider this issue in any great detail, inasmuch as the court has concluded that Mrs. Foltz has established the existence of disability under Step 5 of the Sequential Disability Analysis promulgated under 20 C.F.R. §§ 404.1520 and 416.920.

In his memorandum, the Commissioner also makes arguments regarding the issue of "opinion evidence." The Commissioner maintains that none of the medical opinions in this case are entitled to great weight, and that the court should remand the case for further development of the medical record.[3] However, for reasons stated above, the court finds no evidence to support the Administrative Law Judge's rejection of Dr. Conell's opinions and assessments. During the administrative adjudication of this case, if the Commissioner had reason to doubt the accuracy of Dr. Conell's psychiatric findings, the Commissioner had full authority to require Mrs. Foltz to submit for consultative examination by another psychiatrist. See 20 C.F.R. §§ 404.1519 and 416.919. Plaintiff's applications for benefits have already been pending for almost six years. Inasmuch as Dr. Conell's psychiatric findings are clear, and inasmuch as the standards for considering such opinion evidence are clearly prescribed under 20 C.F.R. §§ 404.1527 and 416.927, the court finds no cause for remand of this case for further development of the medical record. Defendant's motion for remand shall be denied.

---

[2] If a claimant suffers from a listed impairment, the claimant is deemed disabled for all forms of work without consideration of the claimant's age, education, or prior work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

[3] The Commissioner had previously filed a motion for remand on February 10, 2009.

For the reasons stated, the court finds and concludes that Mrs. Foltz has established that she is disabled for all forms of substantial gainful employment under Step 5 of the Sequential Disability Analysis promulgated under 20 C.F.R. §§ 404.1520 and 416.920. After considering the medical record in this case, based on Dr. Conell's psychiatric assessment, and given plaintiff's amendment of her original application so as to reflect a later, alleged disability onset date, the court finds that Mrs. Foltz has met the burden of proof in establishing that she became disabled for all forms of substantial gainful employment on April 23, 2003, as alleged in the amended application.

The court is constrained to conclude that the Commissioner's final decision in this case it not supported by substantial evidence. Defendant's motion for summary judgment must, therefore, be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to a period of disability beginning on April 23, 2003, summary judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed and the case remanded for the establishment of proper disability insurance benefits. The Commissioner's final decision denying supplemental security income benefits will also be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, inasmuch as the Commissioner has apparently not considered whether plaintiff met the financial eligibility requirements under that benefit program, the court must remand the case for an appropriate determination. The Commissioner's motion for remand of the case for further development of the medical record shall be denied. An order and judgment in conformity will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED this 29th day of June, 2009.

/s/ Glen E. Conrad
United States District Judge